## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATHAN CARON and ADAM COCHRANE, on behalf of themselves and all other similarly situated.<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN COPPINGER, in his official capacity as Essex County Sheriff<br><br>Defendant, | C.A. No. 1:25-cv-11075 |

### DEFENDANT KEVIN COPPINGER'S ANSWER TO COMPLAINT

Defendant Kevin Coppinger ("Defendant"), in his official capacity as Essex County Sheriff, submits the following Answer, Affirmative Defenses, and Jury Demand to the Plaintiff's Complaint in the above-captioned action by corresponding paragraphs.

### INTRODUCTION[1]

1.      Defendant admits that the Complaint purports to be a class action under 42 U.S.C. § 1983.  Otherwise, the Complaint speaks for itself.  Defendant denies that he is liable under 42 U.S.C. § 1983.

2.      Defendant admits that the Complaint seeks relief pursuant to the Eighth and Fourteenth Amendments and denies that he has violated either Amendment.  Otherwise, the allegations contained in paragraph 2 assert a legal conclusion to which no response is required.

### JURISDICTION AND VENUE

3.      Defendants admit that the Complaint purports to arise under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

---

[1] Headers are reproduced from Plaintiffs' Complaint and are not admitted by Defendant.

4.      Defendant admits that the Court has jurisdiction and venue over this case.

**PARTIES**

5.      Defendant admits that Plaintiff Nathan Caron is 33 years old and has been diagnosed with Hepatitis C and denies that Caron is presently incarcerated at the Middleton House of Correction.  Defendant admits that the Middleton House of Correction is operated by the Essex County Sheriff's Department.  Defendant otherwise denies the allegations in paragraph 5.

6.      Defendant admits that Plaintiff Adam Cochrane has been diagnosed with Hepatitis C.  Defendant otherwise denies the allegations in paragraph 6.

7.      Defendant admits that he is the Essex County Sheriff and is responsible for the people incarcerated in Essex County correctional facilities.  Defendant denies the remaining allegations in paragraph 7, except to the extent the allegations contained in paragraph 7 assert a legal conclusion to which no response is required.

**FACTS**

**A.  Hepatitis C is a serious and potentially life-threatening disease**

8.      Defendant admits the allegations in paragraph 8.

9.      Defendant admits the allegations in paragraph 9.

10.      Defendant admits that Hepatitis C infections can be acute or chronic in nature and is without sufficient information to admit or deny the allegations set forth in paragraph 10 and, therefore, neither admits nor denies such allegations.

11.       Defendant admits that Hepatitis C is a long-term illness and that can cause liver damage or other serious health problems.  Defendant is without sufficient information to admit or deny the remaining allegations set forth in paragraph 11 and, therefore, neither admits nor denies such allegations.

12.    Defendant is without sufficient information to admit or deny allegations set forth in paragraph 12 and, therefore, neither admits nor denies such allegations.

13.    Defendant is without sufficient information to admit or deny allegations set forth in paragraph 13 and, therefore, neither admits nor denies such allegations.

14.    Defendant is without sufficient information to admit or deny allegations set forth in paragraph 14 and, therefore, neither admits nor denies such allegations.

15.    Defendant admits the rate of Hepatitis C infection in correctional facilities is higher than in the general population. Defendant is without sufficient information to admit or deny the remaining allegations set forth in paragraph 15 and, therefore, neither admits nor denies such allegations.

**B.  Hepatitis C can be effectively cured**

16.    Defendant admits that treatment for Hepatitis C consisted of interferon and ribavirin prior to 2011. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 16 and, therefore, neither admits nor denies such allegations.

17.    Admitted.

18.    Defendant admits that, in 2013, the FDA began approving a new group of DAAs. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 18 and, therefore, neither admits nor denies such allegations.

19.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 19 and, therefore, neither admits nor denies such allegations.

20.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20 and, therefore, neither admits nor denies such allegations.

**C.  DAA treatment is the standard of care for nearly all those with Hepatitis C**

21.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 21 and, therefore, neither admits nor denies such allegations.

22.     Paragraph 22 purports to summarize an AASLD/IDSA Guidance. The Guidance itself is the best evidence of its contents and speaks for itself. Any allegations contrary to the plain language or meaning of the Guidance are denied.

23.     Paragraph 23 characterizes AASLD/IDSA Guidance. The Guidance itself is the best evidence of its contents and speaks for itself. Any allegations contrary to the plain language or meaning of the Guidance are denied.

24.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24 and, therefore, neither admits nor denies such allegations.

25.     Paragraph 25 purports to summarize an AASLD/IDSA Guidance. The Guidance itself is the best evidence of its contents and speaks for itself. Any allegations contrary to the plain language or meaning of the Guidance are denied.

26.     Admitted.

27.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 27 and, therefore, neither admits nor denies such allegations.

28.     Paragraph 28 purports to summarize an AASLD/IDSA Guidance and/or U.S. Preventative Services Task Force and the World Health Organization recommendations. The Guidance and/or recommendations are the best evidence of their contents and speak for themselves. Any allegations contrary to the plain language or meaning of the Guidance and/or recommendations are denied.

**D. Defendant's policy and practice of denying treatment for Hepatitis C**

29.     Defendant admits that the Sheriff's Department operates three correctional

facilities and admits that the House of Correction and Women in Transition Facility house both pre-trial detainees and people serving sentences. Defendant further admits that the Essex County Pre-Release & Re-Entry Center houses people serving sentences, but denies the allegation to the extent it alleges that facility houses only people serving sentences as the facility also houses people awaiting trial.

30. Denied. The Sheriff's Department previously contracted with Wellpath but that contract ended on June 30, 2025.

31. Denied. The Sheriff's Department previously contracted with Wellpath but that contract ended on June 30, 2025.

32. Denied except to the extent the allegations contained in paragraph 32 assert a legal conclusion to which no response is required.

33. Paragraph 33 purports to summarize Wellpath's written policies and CDC guidelines. The written policies and guidelines are the best evidence of their contents and speak for themselves. Any allegations contrary to the plain language or meaning of the written policies or CDC guidelines are denied. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and, therefore, neither admits nor denies such allegations.

34. Paragraph 34 purports to summarize Wellpath's written policies. The written policies are the best evidence of their contents and speaks for themselves. Any allegations contrary to the plain language or meaning of the policies are denied. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and, therefore, neither admits nor denies such allegations.

35. Defendant denies that the Sheriff's Department contracts with Wellpath or that

Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and, therefore, neither admits nor denies such allegations.

36.    Denied.

37.    Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and, therefore, neither admits nor denies such allegations.

38.    Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department.

39.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and, therefore, neither admits nor denies such allegations.

40.    Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and, therefore, neither admits nor denies such allegations.

41.    Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's

department. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and, therefore, neither admits nor denies such allegations.

42.     Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and, therefore, neither admits nor denies such allegations.

43.     Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and, therefore, neither admits nor denies such allegations.

44.     Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and, therefore, neither admits nor denies such allegations.

45.     Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and, therefore, neither admits nor denies such allegations.

46.    Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department.  Defendant therefore lacks information or knowledge sufficient to form a belief as to the truth of any allegations in paragraph 46 relating to Wellpath and neither admits nor denies such allegations.  To the extent paragraph 46 contains any remaining allegations, such allegations are denied.

47.    Paragraph 47 appears to include data from an unidentified source.  That source is the best evidence of its contents and speaks for itself.  Any allegations contrary to the plain language or meaning of the data source are denied.    Defendant otherwise denies the allegations in paragraph 47.

48.    Denied.

49.    Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department.  Defendant denies the remainder of the allegations in paragraph 49.

**E.  Named Plaintiffs**

**Nathan Caron**

50.    Defendant admits that Mr. Caron was diagnosed with Hepatitis C before his incarceration.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations in paragraph 50 and, therefore, neither admits nor denies such allegations.

51.    Paragraph 51 purports to summarize Mr. Caron's medical records.  Such records are the best evidence of their contents and speak for themselves.  Any allegations contrary to the plain language or meaning of Mr. Caron's medical records are denied.    Defendant lacks

information or knowledge sufficient to form a belief as to the truth of any remaining allegations in paragraph 51 and, therefore, neither admits nor denies such allegations.

52.     Paragraph 52 purports to summarize Mr. Caron's medical records.  Such records are the best evidence of their contents and speak for themselves.  Any allegations contrary to the plain language or meaning of Mr. Caron's medical records are denied.  Defendant admits that labs collected on April 4, 2024, confirmed that Mr. Caron had an active Hepatitis C infection. Defendant lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations in paragraph 52 and, therefore, neither admits nor denies such allegations.

53.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and, therefore, neither admits nor denies such allegations.

54.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and, therefore, neither admits nor denies such allegations.

55.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and, therefore, neither admits nor denies such allegations.

56.     Paragraph 56 purports to summarize Mr. Caron's medical records.  Such records are the best evidence of their contents and speak for themselves.  Any allegations contrary to the plain language or meaning of Mr. Caron's medical records are denied.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations in paragraph 56 and, therefore, neither admits nor denies such allegations.

57.     Defendant admits that Mr. Caron has requested treatment for his Hepatitis C while in ECSD custody.  Defendant lacks information or knowledge sufficient to form a belief as to whether there is medical justification for Mr. Caron's Hepatitis C treatment regimen and, therefore, neither admits nor denies such allegations.  Defendant denies any remaining allegations

in paragraph 57.

58.    Denied.

59.    Denied.

**Adam Cochrane**

60.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60 and, therefore, neither admits nor denies such allegations.

61.    Defendant admits that Adam Cochrane has been incarcerated at Middleton House of Correction multiple times in the past several years and that he has a confirmed active chronic Hepatitis C infection as of May 2022.  Paragraph 61 purports to summarize Mr. Cochrane's medical records.  Such records are the best evidence of their contents and speak for themselves.  Any allegations contrary to the plain language or meaning of Mr. Cochrane's medical records are denied.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 and, therefore, neither admits nor denies such allegations.

62.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 and, therefore, neither admits nor denies such allegations.

63.    Defendant admits that Mr. Cochrane was tested for and diagnosed with Hepatitis C while in the custody of the Sheriff's Department.  Paragraph 63 purports to summarize Mr. Cochrane's medical records.  Such records are the best evidence of their contents and speak for themselves.  Any allegations contrary to the plain language or meaning of Mr. Cochrane's medical records are denied.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and, therefore, neither admits nor denies such allegations.

64.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and, therefore, neither admits nor denies such allegations.

65.    Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and, therefore, neither admits nor denies such allegations.

66.    Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 and, therefore, neither admits nor denies such allegations.

67.    Defendant denies having a policy or practice of denying DAAs. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and, therefore, neither admits nor denies such allegations.

68.    Defendant denies that the Sheriff's Department contracts with Wellpath or that Wellpath imposes any criteria for receipt of medical care on facilities operated by the Sheriff's department.  Defendant therefore lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and, therefore, neither admits nor denies such allegations.

69.    Denied.

70.    Denied.

## CLASS ACTION ALLEGATIONS

71.    Defendant admits that the Complaint purports to be a class action under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

72.    Paragraph 72 contains legal conclusions to which no response is required.

73.     Paragraph 73 appears to include data from an unidentified source. That source is the best evidence of its contents and speaks for itself. Any allegations contrary to the plain language or meaning of the data source are denied. The remaining allegations in paragraph 73 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

74.     Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

75.     Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

76.     Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

77.     Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

78.     Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## CLAIMS FOR RELIEF

### COUNT I

**42 U.S.C. § 1983: Right to Adequate Medical Care under the Eighth and Fourteenth Amendments**

79.     Defendant repeats his responses to the preceding paragraphs of this Complaint as if fully set forth herein.

80.     Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

81.     Paragraph 81 contains legal conclusions to which no response is required. To the

extent a response is required, Defendant denies the allegations.

82.     Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## PRAYER FOR RELIEF

83.     The prayer for relief is not an allegation of fact and therefore does not require a response pleading and is therefore denied.  All allegations that are neither admitted nor denied are hereby denied.

## AFFIRMATIVE DEFENSES

Further answering, Defendant asserts the following affirmative defenses:

I.     The complaint fails to state a claim against Sheriff Coppinger upon which relief can be granted.

II.    Sheriff Coppinger, in his official capacity as sheriff, has not violated the Eighth Amendment.

III.   Sheriff Coppinger, in his official capacity as sheriff, has not been deliberately indifferent to the serious medical needs of the plaintiffs or the members of the class they seek to represent.

IV.    The Plaintiffs have failed to exhaust their administrative remedies as required by 42 U.S.C. § 1997e(a) prior to commencing this action.

V.     This suit cannot be maintained as a class action because (1) common issues of law or fact do not predominate; (2) the defendants have not acted or refused to act on grounds generally applicable to the putative class; (3) the prosecution of separate actions does not risk inconsistent adjudications that would establish incompatible standards of conduct for the defendants, nor risk adjudications with respect to

individual class members that would be dispositive of the interests of other members; (4) the putative class is not so numerous that joinder of class members is impracticable; (5) there are not questions of law or fact common to the class; (6) the claims of the class representatives are not typical of the putative class; and (7) the class representatives will not fairly and adequately protect the interests of the class.

VI.    To the extent plaintiffs' prayer for "other and further relief" seeks monetary relief, it is barred by the Eleventh Amendment.

VII.    Defendant reserves the right to assert additional affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendant demands a trial by jury as to all issues, claims, and defenses asserted in this action.

Respectfully Submitted,

Defendant,

KEVIN COPPINGER, in his official capacity

By his Attorneys

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Rauvin A. Johl*
Katherine M. Fahey, BBO # 699003
Rauvin A. Johl, BBO # 698719
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 963-2078
(617) 963-2441
Katherine.Fahey@mass.gov
Rauvin.Johl@mass.gov

Dated: August 28, 2025

## CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants by first-class mail on August 28, 2025.

*/s/ Rauvin A. Johl*
Assistant Attorney General