# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATHAN CARON and ADAM COCHRANE, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>KEVIN COPPINGER, in his official capacity as Essex County Sheriff, )<br><br>Defendant. ) | C.A. No. 1:25-cv-11075-GAO |

## JOINT STATEMENT AND PROPOSED PRETRIAL SCHEDULE

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1, Plaintiffs Nathan Caron and Adam Cochrane ("Plaintiffs") and Defendant Kevin Coppinger ("Defendant") submit this Joint Statement and Proposed Pretrial Schedule.

**I.  Agenda of matters to be discussed at the scheduling conference.**

Other than answering any questions the Court may have about the items addressed in this Joint Statement, or otherwise, the parties do not have additional items to submit for the agenda.

**II.  Joint Discovery Plan**

A. **Limitations on discovery.** Due to the size and complexity of this putative class action, which concerns ongoing Hepatitis C treatment policies and practices at the Essex County Sheriff's Department that have affected hundreds of individuals (between at least 60 and 130 at any given time in recent years), and

have involved numerous medical staff of Essex County's current and past medical vendors; community providers; and other Commonwealth agencies, some enlargement of standard discovery event limitations in Local Rule 26.1(c) and Federal Rule 30(a)(2)(A)(1) is necessary. Accordingly, the parties propose the following limitations of discovery for each side: 3 separate sets of requests for production; 35 requests for admission; and 15 depositions.

B. **Phased discovery.** The parties do not believe that phased discovery would be efficient or useful.

C. **Timing of discovery.** The parties propose the following schedule for discovery events:

  1. Rule 26(a) disclosures shall be served by October 21, 2025.
  2. Deadlines for amendment to pleadings. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after June 23, 2026.
  3. All requests for production of documents, requests for admission, and interrogatories must be served by September 23, 2026.
  4. Fact discovery ends October 23, 2026.
  5. Initial expert reports shall be served by December 14, 2026.
  6. Rebuttal expert reports shall be served by January 29, 2027.
  7. Expert discovery ends February 26, 2027.

D. **Protective Order.** Given that discovery in this matter may implicate the health records and/or other protected information of Plaintiffs and/or putative class

members, the parties will negotiate and file a proposed protective order governing the handling and submission of confidential materials.

III. **Proposed schedule for filing of motions**

A. The parties propose the following schedule for the filing of motions. The date for Defendants' response to Plaintiffs' motion for class certification has been ordered by the Court on September 8, 2025. Dkt. No. 22. The parties do not propose any modification that date.

   1. Defendants' response to Plaintiffs' motion for class certification shall be filed by November 7, 2025.
   2. Plaintiffs' reply, if any, in support of motion for class certification shall be filed by December 8, 2025.
   3. Dispositive motions shall be filed by March 26, 2027.
   4. Oppositions to dispositive motions shall be filed by May 7, 2027.
   5. Replies in support of dispositive motions shall be filed by May 28, 2027.

IV. **Trial by magistrate judge.**

The parties do not consent to trial by magistrate judge.

V. **Settlement proposal and ADR.**

Plaintiffs served a written settlement proposal on Defendant on October 20, 2025. Pursuant to Local Rule 16.4(b)-(c), the parties state that they do not seek referral to mediation at this time, but are open to mediation once the case progresses further.

VI.     **Local Rule 16.1(d)(3) certifications.**

The parties will separately file the required certifications before the date of the scheduling conference.

| | |
|---|---|
| Date: October 21, 2025 | Respectfully Submitted, |
| Defendant, | Plaintiffs, |
| KEVIN COPPINGER, in his official capacity, | NATHAN CARON and ADAM COCHRANE, on behalf of themselves and all others similarly situated, |
| By his attorneys | By their attorneys, |
| ANDREA JOY CAMPBELL<br>ATTORNEY GENERAL | /s/ Ada Lin<br>David Milton, BBO # 668908<br>Michael Horrell, BBO # 690685 |
| /s/ Rauvin A. Johl<br>Katherine M. Fahey, BBO # 699003<br>Rauvin A. Johl, BBO # 698719<br>Assistant Attorneys General<br>Government Bureau<br>One Ashburton Place, Room 1813<br>Boston, MA 02108<br>(617) 963-2078<br>(617) 963-2441<br>Katherine.Fahey@mass.gov<br>Rauvin.Johl@mass.gov | Ada Lin, BBO # 710270<br>Prisoners' Legal Services of Massachusetts<br>50 Federal Street, 4th Fl.<br>Boston, MA 02110<br>(617) 482-2773<br>dmilton@plsma.org<br>mhorrell@plsma.org<br>alin@plsma.org |

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on this date.

Date:   October 21, 2025                    /s/ Ada Lin
                                            Ada Lin (BBO #710270)